UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SARA SUE BECK,<br><br>    Petitioner,<br><br>vs.<br><br>KELLIE WASKO,<br><br>    Respondent. | 1:25-CV-01009-CBK<br><br>ORDER |

  Petitioner, a prisoner at the South Dakota Women's Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to proceed *in forma pauperis* without the prepayment of the filing fee and a prisoner trust account report as required. The Court had determined that petitioner qualifies to proceed without the prepayment of the filing fee pursuant to 28 U.S.C. § 1914(a).

  I have conducted an initial consideration of the petition, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

  Petitioner is challenging her March 9, 2023, conviction and sentence for unauthorized ingestion of methamphetamine in South Dakota Circuit Court, Fifth Judicial Circuit, Brown County, case # 06CRI 23-0001029. I take judicial notice of the records of the South Dakota Circuit Courts available on the Unified Judicial System's ecourts portal, https://ecourts.sd.gov/.

  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). A

state court habeas remedy is available to plaintiff pursuant to SDCL 21-27-1 to challenge her conviction and sentence.

Petitioner set forth in the petition that she did not appeal the conviction or sentence and that she did not file a petition for a writ of habeas corpus in South Dakota Circuit Court. The records of the South Dakota Judicial System also show that petitioner failed to challenge the conviction or sentence in Circuit Court. Petitioner has not exhausted available state court habeas remedies. Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust state court remedies.

Now, therefore,

IT IS ORDERED:

1. Petitioner's motion, Doc. 2, to proceed *in forma pauperis* without the prepayment of the $5.00 filing fee is granted.
2. The petition for a writ of habeas corpus is denied without prejudice for failure to exhaust state court remedies.

DATED this 16th day of June, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge